34210. SEABOARD AIR LINE RAILROAD COMPANY *v.* WILLIAMS.

Decided October 1, 1952.

*M. M. Eason,* for plaintiff in error.

*H. H. Elders,* contra.

GARDNER, P. J. The sole question for determination in this court is whether there was evidence which authorized the jury to find that the plaintiff's cow was killed by the operation of the defendant's train as a result of the failure of the servants of the defendant in charge of the running of the train to exercise ordinary care. There was evidence from which the jury were authorized to find that at the place where the animal was evidently struck by the train and knocked from the tracks they were straight for about a mile, and that, had the engineer and fireman of the defendant's locomotive been in the exercise of ordinary care, they could have avoided hitting the cow. It is true that the servants of the defendant testified that they had seen the cow grazing near the right-of-way as the train approached and that as the train neared her, and too close for the train to stop, this cow climbed the bank of the fill on which the defendant's railroad tracks ran and was struck by a portion of the pilot extending beyond the tracks, and knocked from this fill. There was evidence, however, that at this point the embankment on which the tracks ran was entirely too steep for a cow to climb onto the tracks. In these circumstances it cannot very well be said that the verdict of the jury in favor of the plaintiff for the value of this cow was not without some evidence to support it. The point where the cow was struck was located by the testimony of the plaintiff. He said that there were cow tracks at this point, and the carcass was found just beyond that point. The bank along there, the witness testified, was some ten or eleven feet high and very steep, and in fact, so steep that the cow could not have gotten onto the track as testified to by the servants of the defendant. One of the defendant's servants, a section foreman, testified that there was a path at this place along the tracks where the cow could have climbed up. The jury could well have believed the testimony of the plaintiff in its entirety and this was to the effect that "she was near the track, just down a fill, there is a high fill there  . .

approximately 150 yards long and she was killed near the center of that 150 yard fill. On the southside, that fill would run around 15 to 17 feet high or up; on the north side it is not quite as high, it would run around 10 or 11 feet. It is steep enough that a man can't hardly walk up it, very easily. . . A train coming from the west going east [the direction of the train which it was admitted struck this cow (operators thereof)] could have seen a cow on the track for a mile, or just as far as you could see a cow."

The evidence supported the verdict, and the trial judge did not err in denying the defendant's motion for new trial.

*Judgment affirmed.  Townsend and Carlisle, JJ., concur.*